Gregory Kenyota (SBN 282304)
Bochner PLLC
1040 Avenue of the Americas, 15th Fl.
New York, NY 10018
Phone Number: (646) 971-0685
Email: gkenyota@bochner.law

*Attorneys for Defendants*
*WSG VON DUTCH, LLC and*
*White Space Group New York LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JESSE GREGORY JAMES, an individual; WEST COAST CHOPPERS, INC., a Texas Corporation; and VANILLA GORILLA, L.P., a Texas Limited Partnership,<br><br>*Plaintiff,*<br><br>v.<br><br>VON DUTCH LLC, a Delaware limited liability company; WSG VON DUTCH, LLC, a Delaware limited liability company; WHITE SPACE GROUP NEW YORK LLC, a New York limited liability company; and DOES 1-25, inclusive,<br><br>*Defendants.* | Case No.: 2:26-cv-12713<br><br>**DEFENDANTS WSG VON DUTCH, LLC AND WHITE SPACE GROUP NEW YORK LLC'S NOTICE OF REMOVAL**<br><br>(Former Superior Court of California Case No. 26STCV30745) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants WSG VON DUTCH, LLC AND WHITE SPACE GROUP NEW YORK LLC (collectively the "WSG Defendants"), without waiving any defenses, hereby remove this action from the Superior Court of the State of California for Los Angeles County to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1331, 1338, 1441(a), and 1446, and 15 U.S.C. § 1121(a), as described below.

1. The WSG Defendants are two of the Defendants in a civil action pending in the Superior Court of the State of California for the County of Los Angeles entitled *West Coast Choppers, Inc. et al v. WSG Von Dutch, LLC et al,* Case No. 26STCV30745 (hereinafter referred to as the "State Court Action"). As of the filing of this Notice of Removal, no defendant has been served with any process, pleadings, or orders in the State Court Action. Because 28 U.S.C. § 1446(a) requires only copies of process, pleadings, and orders "served upon" the removing defendant, there are no such documents to attach. *See Higginbottom v. Dexcom, Inc.*, 744 F. Supp. 3d 1058 (S.D. Cal. 2024) (copy of complaint not required where removing defendant had not been served at time of removal). For the Court's convenience, true and correct copies of the following documents filed in the State Court Action are attached hereto: the Complaint as **Exhibit A**; the Notice of Case Assignment as **Exhibit B**; the Civil Cover Sheet as **Exhibit C**; the Summons as **Exhibit D**; the Notice of Related Case as **Exhibit E**; the Notice of Case Management Conference as **Exhibit F**; the Amended Complaint as **Exhibit G**; and the Summons on Amended Complaint as **Exhibit H**.

2. In the State Court Action complaint, Plaintiff seeks in its prayer for relief "For preliminary and permanent injunctive relief, under 15 U.S.C. § 1116 and California law, enjoining Defendants and their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from: (i) using any mark, logo, design, or trade dress identical or confusingly similar to the WCC Cross Composite, or the WCC Trade Dress; (ii) manufacturing, importing, advertising, promoting, offering for sale, selling, or distributing any goods bearing such designs; and (iii) otherwise competing unfairly with Plaintiffs or diluting the WCC Marks."

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs assert a cause of action created by federal trademark law under the Lanham Act. *See* Exhibit A, Compl. ¶ 60. Federal-question jurisdiction is determined from the face of Plaintiffs' well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the trademark context, federal

jurisdiction exists where federal trademark law creates the cause of action pleaded in the complaint. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485–86 (9th Cir. 1996). The basis for removal is the substantive federal cause of action identified above, not merely the prayer's reference to injunctive relief under 15 U.S.C. § 1116.

4. This Court also has original jurisdiction under 28 U.S.C. § 1338(a), which grants district courts original jurisdiction of any civil action arising under any Act of Congress relating to trademarks, and under 15 U.S.C. § 1121(a), which confers original jurisdiction over all actions arising under the Lanham Act. To the extent Plaintiffs assert a state-law claim of unfair competition joined with a substantial and related claim under the trademark laws, this Court has original jurisdiction over that claim under 28 U.S.C. § 1338(b).

5. Because Plaintiffs' federal cause of action identified above arises under the laws of the United States, this action may be removed under 28 U.S.C. § 1441(a). This Court has supplemental jurisdiction over Plaintiffs' remaining state-law claims under 28 U.S.C. § 1367(a) because they arise from the same alleged use of the WCC marks and trade dress and therefore form part of the same case or controversy as the federal cause of action.

6. The State Court Action was initiated on September 25, 2026. As of the date of this Notice of Removal, none of the Defendants, including the WSG Defendants and Defendant Von Dutch LLC, has been served with the summons or complaint in the State Court Action.

7. A notice of removal must be filed within 30 days after the defendant's receipt, through service or otherwise, of the initial pleading. 28 U.S.C. § 1446(b)(1). The 30-day removal period is triggered only by formal service of process, not by mere receipt of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Nothing in 28 U.S.C. § 1446 prohibits a defendant from removing an action before it has been served, and California federal courts have upheld removals filed before any defendant was served. *See Higginbottom,* 744 F. Supp. 3d at 1058 (denying

remand where notice of removal was filed before service); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123 (N.D. Cal. 2012) (denying remand where no defendant had been served at time of removal).

8. This Notice of Removal is therefore timely because it is filed after the State Court Action was commenced and before the 30-day removal period under 28 U.S.C. § 1446(b) has begun to run. *Cf. Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024) (notice of removal is effective where filed after the complaint has been filed in state court).

9. Consent of co-defendants is not required. Under 28 U.S.C. § 1446(b)(2)(A), only defendants who have been "properly joined and served" must join in or consent to removal. Because no defendant, including Defendant Von Dutch LLC, has been served, no co-defendant's consent is required. *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) (consent not required from defendant who had not been properly served at time of removal); *Higginbottom*, 744 F. Supp. 3d 1058 (consent of unserved co-defendant not required for pre-service removal).

10. The forum defendant rule does not bar removal on the federal-question ground asserted here. By its express terms, 28 U.S.C. § 1441(b)(2) applies only to a civil action "otherwise removable solely on the basis of the jurisdiction under section 1332(a)." This action is removed on the basis of the federal cause of action identified above under 28 U.S.C. §§ 1331 and 1441(a), not solely on the basis of diversity jurisdiction. Accordingly, the forum defendant rule does not bar removal, irrespective of whether a defendant is a citizen of California or has been served. 28 U.S.C. § 1441(b)(2).

11. By filing this Notice of Removal, the WSG Defendants do not accept or waive service of process, and nothing herein shall be construed as an appearance for purposes of service or as consent to service on behalf of any other defendant. No statement accepting service is required as a condition of removal under 28 U.S.C. § 1446(a). Where a defendant has not been served prior to removal, service

may be completed or new process issued in the same manner as in cases originally filed in this Court. 28 U.S.C. § 1448; *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3730 (rev. 4th ed.); William W Schwarzer et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* ch. 2D-8.

12. No prior application for removal has been made to this Court or to any other Court.

13. The United States District Court for the Central District of California is the proper place to remove this action under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. 28 U.S.C. §§ 1441(a), 1446(a).

14. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* U.S.C. § 1446(a).

15. Concurrently with filing of this Notice, Defendants are giving written notice to Plaintiff and are filing a copy of this Notice with the clerk of the Superior Court for Los Angeles County pursuant to 28 U.S.C. § 1446(d).

16. Defendants do not waive and expressly preserve all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants WSG VON DUTCH, LLC AND WHITE SPACE GROUP NEW YORK LLC respectfully request that this Court accept this Notice of Removal, remove the State Court Action, assume full jurisdiction over this action for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and provide notice of this suit to the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1116, along with such other and further relief as this Court deems just and proper.

Dated: October 29, 2026

*/s/ Gregory Kenyota*
Gregory Kenyota (SBN 282304)
Bochner PLLC
1040 Avenue of the Americas, 15th Fl.
New York, NY 10018
Phone Number: (646) 971-0685
Email: gkenyota@bochner.law

*Attorneys for Defendants*
*WSG VON DUTCH, LLC and*
*White Space Group New York LLC*

**PROOF OF SERVICE**

I, Gregory Kenyota, declare that I am over the age of eighteen years and not a party to this action. My business address is Bochner PLLC, 1040 Avenue of the Americas, 15th Fl., New York, NY 10018.

On October 29, 2026, I served the following documents: (1) DEFENDANTS WSG VON DUTCH, LLC AND WHITE SPACE GROUP NEW YORK LLC'S NOTICE OF REMOVAL, WITH EXHIBITS A-H; (2) CIVIL COVER SHEET (FORM CV-071); (3) CERTIFICATION AND NOTICE OF INTERESTED PARTIES (FORM CV-30); and (4) REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK (FORM AO 120).

I served the documents on the following person: Joseph Yanny, Esq., Yanny & Smith, 1801 Century Park East, Suite 2400, Los Angeles, California 90067, Attorneys for Plaintiffs Jesse Gregory James, West Coast Choppers, Inc., and Vanilla Gorilla, L.P.

I served the documents via First Class U.S. Mail, by placing true copies in a sealed envelope with first-class postage fully prepaid, addressed as stated above, and depositing it with the United States Postal Service. As a courtesy, I also transmitted true copies by email to Mr. Yanny at jyanny@yannylaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2026 at Orlando, Florida.

*/s/ Gregory Kenyota*
Gregory Kenyota, Esq.